# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

Plaintiff(s),

v.

**RICARDO AMARO-SANTIAGO (9),**

Defendant(s).

CRIMINAL NO. 10-333 (GAG)

## ORDER

The Motion to Dismiss Superseding Indictment for Violation of the Speedy Trial Act (Docket No. 717) is hereby **DENIED**.

Defendant was arrested on October 6, 2010. On October 22, 2010, the Court held its first status conference (Docket No. 64). Thereafter, the Court held periodic status and pretrial conferences until October 24, 2011 (Docket No. 524) in which the trial of this case was set for December 12, 2011.

Throughout this entire period, the Court was extremely careful to always toll the Speedy Trial Act, for reasons such as allowing the defense to engage in plea negotiations, review discovery, file any motions, and conduct an investigation and assessment of the case with the aid of several experts. See, e.g., Minutes at Docket Nos. 64, 128, 164, 247, 277, 286, 307, 383, 418 and 524.

In this case, defendant also filed a plethora of motions, which the Court considered and

resolved on most occasions in an overly expedited manner. For example, defendant's motion for *de novo* bail hearing (Docket No. 93), motion to dismiss for outrageous government conduct (Docket No. 241) and motion for reconsideration of denial thereof (Docket No. 286), for severance (Docket No. 340), to exclude inaccurate transcripts (Docket No. 372), for production of original DVDs for inspection by expert (Docket No. 428), to dismiss indictment for destruction of evidence (Docket No. 516), just to name a few.

More so, defendant's pre-trial preparation also required the approval of various experts and issues pertaining to their competence. See, e.g., for a translator (Docket No. 296), to raise a mental condition (Docket No. 297), to appoint audio forensic expert (Docket No. 375), to retain expert on lack of compliance with undercover operation norms (Docket No. 420), for example.

Said motions, just like those previously mentioned dispositive ones, evidence that this is a case which kept defense counsel quite busy defending defendant's rights, as well as pursing a factual and scientific investigation of the case. These, in turn, had to be considered by the Court, and responded to by the government.

In sum, this is not a case where the government, nor the Court laid back and let the Speedy Trial Act clock elapse. To the contrary, it has been a hotly litigated case, in which a plethora of issues, some legally complex, have been raised. As a matter of fact, the Court was quite busy during the Thanksgiving holiday ensuring that all matters were fully briefed and resolved prior to the start of trial, with sufficient advance notice. See, e.g., Orders at Docket Nos. 604, 605, 616, 617, 618, 623, 625, 626, 627, 628, 629, 631, 632 and 689. Defendant cannot argue that he did not benefit from any of these rulings, as he has been allowed to present a duress defense (see, e.g., Order at Docket No. 631).

Finally, the Court notes that this order does not contain an exhaustive list of every specific instance which may have additionally tolled the Speedy Trial Act. However, with the trial date fast approaching (today is Thursday; trial will start next Tuesday), the Court understood it necessary to rule on the matter as promptly and with as much detail as judicially possible.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of December, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge