# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **RICARDO AMARO-SANTIAGO,** <br><br> **Defendant.** | **CRIMINAL NO. 10-333 (GAG)** |

## ORDER DENYING MOTION TO DISMISS BASED ON SPEEDY TRIAL ACT

On the eve of his trial, defendant Amaro filed a motion to dismiss based on Speedy Trial Act ("STA") grounds. (Docket No. 717.) The same was summarily denied, without the benefit of the government's response. (Docket No. 726.) The court acted in this fashion so that the parties – already preparing for trial – could devote all their time and energy to the merits of the case before the jury. Following defendant's conviction, the court ordered the government to respond to the motion to dismiss, and defendant to file a reply in turn. (Docket No. 833.) The government filed its response on January 30, 2012. (Docket No. 848.) The defendant filed his reply on September 10, 2012. (Docket No. 959.) Said delay was necessary, given that new court-appointed counsel came into the case following defendant's conviction.

Upon review and consideration of defendant's and the prosecution's arguments, the court finds that the STA did not elapse in this instance. More so, the court tolled the STA throughout the proceedings. In addition, the court, at this time, makes additional and more specific findings of STA tolling, in response to the parties' post-trial arguments on this matter. (Docket Nos. 848 & 959.)

1. October 12, 2010 to October 22, 2010

The Arraignment/Detention Hearing had taken place. The parties agree that nine days elapsed until the first status conference on October 22, 2010. **63 days REMAIN under the STA.**

2. October 22, 2010 to December 13, 2010

The status conference was held on October 22, 2010. A further conference was set for December 13, 2010. The court rolled the STA "in the interest of justice" to allow defense counsel to review the discovery and file any appropriate motions. (Docket No. 64.) The court at this time notes that the present case involved multiple defendants, charged in a cocaine reverse sting operation targeting corrupt policemen. The discovery involved video and audio recordings, as well as other discovery. The defendants were charged with drug offenses triggering a mandatory minimum of ten (10) years, as well as firearms counts carrying consecutive sentences. The court then understood that, due to their potential criminal exposure, the defendants and their counsel needed this time to familiarize themselves with and discuss the evidence. More so, the court was also cognizant that defendants needed time to investigate possible entrapment and coercion defenses, which are typical in these prosecutions. No defendant objected to the court's STA tolling, which was done per 18 U.S.C. § 3161(h)(7)(A). **63 days REMAIN under the STA**.

3. December 13, 2010 to January 20, 2011

A status conference was held on December 13, 2010. Defense counsel informed the court of problems reviewing video and audio discovery at MDC-Guaynabo. Defendant Amaro's counsel was also granted leave to withdraw and counsel Carlos Sanchez-Lacosta was appointed. The court set a further status conference for January 20, 2011. Although tolling of the STA was done for plea negotiations, which defendants did not object to, the court additionally finds that

said tolling was made in the interest of justice. New counsel had to familiarize himself with the case, and defendants had yet to review the discovery. Also, as this court frequently finds, parties in these cases with significant mandatory minimum sentences, followed by consecutive sentences, need time to engage in plea negotiations. Thus, an interest of justice continuance was warranted per Section 3161(h)(7)(A). Additionally, during this period, motions were filed by co-defendants and the United States. (See Docket Nos. 130, 146, & 147.) **63 days REMAIN under the STA**.

4. January 20, 2011 to March 2, 2011

A further status conference was held on January 20, 2011. Amaro's counsel moved for an order to review the pretrial services report and requested a transcript of videos. The court finds that its tolling of the STA was again in the interest of justice. Here, the defense certainly needed more time to continue its review and case preparation, as well as explore plea possibilities, and, accordingly, did not object to the continuance. In addition, during this period, co-defendants filed change of plea motions. (See Docket Nos. 165, 171, 197, 199, 201, & 204.) Such motions also toll the STA. See 18 U.S.C. § 3161(h)(1)(G). **63 days REMAIN under the STA**.

5. March 3, 2011 to May 9, 2011

On March 3, 2011, the United States submitted proposed plea agreements for the court to consider. (See Docket Nos. 215 & 216.) The court noted these on March 7, 2011. (See Docket Nos. 221 & 222.) This period is excludable per 18 U.S.C. § 3161(h)(1)(G).

On March 15, 2011, the court held a further status conference. The previous day, defendant filed a motion to dismiss the indictment. At the conference, the court ordered the United States to file a response by April 5, 2011. Tolling of the STA occurred for motions practice. The court denied the motion to dismiss on April 18, 2011. (Docket No. 276.)

On April 19, 2011, the court held a pretrial conference. A May 9, 2011 dispositive motions deadline was set for remaining defendants. The court finds this period to be excludable under the interest of justice provision. As stated earlier, before counsel continued to explore plea possibilities, while at the same time prepare for possible trial and review discovery and continue to investigate possible defenses. **63 days REMAIN under the STA.**

6. May 9, 2011 to July 6, 2011

At the May 9, 2011 pretrial conference, the court ordered the United States to translate all audio and video recordings of remaining defendants. The court then set a further pretrial conference for July 6, 2011. This period is again excludable under the STA's interest of justice provision. Not only were the transcripts necessary to mount a defense, but also to consider plea options. More so, the court also allowed this period for the parties to attempt to reach a plea agreement. The defendants did not object to the court's STA tolling.

Besides the above, motions were filed during this period. (See Docket Nos. 315 (ex parte), 340 (June 1, 2011 motion to sever co-defendants).) The latter motion was granted on June 28, 2011. (Docket No. 362.) Said motions further tolled the STA. **63 days REMAIN under the STA**.

7. July 6, 2011 to August 8, 2011

The court held a further pretrial conference on July 6, 2011 and set a final one on August 8, 2011. Again, the court tolled the STA and the parties did not object. The court at this time notes the tolling was also in the interest of justice. The defense was not yet quite ready to start trial, and was still considering plea options, as well as contesting the evidence. For example, on July 6, 2011, defendant challenged the accuracy of the transcripts of recordings. (Docket No. 372.) Other transcript-related motions were also filed. (Docket Nos. 374 & 384.) This period

is also excludable per Section 3161(h)(1)(D).  **63 days REMAIN under the STA**.

8.  August 8, 2011 to September 26, 2011

On August 8, 2011, a further pretrial conference was held. A further conference was set for September 26, 2011. Again, the court tolled the STA and the defense did not object. Plea negotiations were still ongoing, and the defense was still challenging the accuracy of the transcripts of recordings. Motions were filed. (Docket Nos. 412, 415, 428, 435, 436, 443, 431, 453, 451, 457, & 461.) Thus, the period is also excludable on this ground. **63 days REMAIN under the STA**.

9.  September 26, 2011 to October 24, 2011

On September 23, 2011, the court reset the pretrial conference to October 24, 2011, in order to rule on the plethora of pending pretrial motions. The court tolled the STA per Section 3161(h)(1)(D).

10. October 24, 2011 to December 12, 2011

The court held a pretrial conference on October 24, 2011. On said day, defendant filed a further motion to dismiss. (See Docket Nos. 516 & 525.) The United States responded on October 31, 2011 (Docket No. 533) and defendant replied on November 11, 2011 (Docket No. 558). The motions were under advisement until November 11, 2011.

On November 22, 2011, defendant filed further motions in limine and for discovery. (Docket Nos. 609 & 610.) The United States responded on November 29, 2011. The court ruled on November 29, 2011, and November 30, 2011. (Docket No. 649.)

On November 30, 2011, defendant requested relief for a purported Giglio violation. (Docket No. 651.) On December 7, 2011, defendant also filed a motion to compel. (Docket No. 705.) The instant STA motion was filed on December 8, 2011.

This entire period is again excludable under Section 3161(h)(1)(D). As is evident, the defense submitted a plethora of motions relevant to trial issues. These had to be responded to by the United States, and then considered by the court.

Trial was set to commence on December 8, 2011. However, it was continued because the trial of severed co-defendant Javier Diaz-Castro was extended. This period is excludable under the STA's interest of justice provision. **63 days thus REMAINED under the STA when trial of this case began.**

For the aforestated reasons, thus, defendant Amaro's motion to dismiss based on STA grounds is hereby **DENIED**. (Docket No. 717.)

**SO ORDERED.**
In San Juan, Puerto Rico this 13th day of November 2012.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge